HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JOSHUA TURNIPSEED,

    Defendant/Judgment Debtor,

    and

PIERCE COUNTY ASSESSOR-TREASURER'S OFFICE,

    Garnishee.

Case No. 2:21-cv-00091-RAJ

**ORDER DENYING OBJECTIONS TO WRIT OF GARNISHMENT AND REQUEST FOR § 3202(d) HEARING**

## I. INTRODUCTION

This matter comes before the Court on Defendant/Judgment Debtor's Objection and Request for Hearing to Contest a Writ of Continuing Garnishment. Dkt. # 6. The Court has considered the pleadings filed in support of and in opposition and the remainder of the file and hereby **DENIES** the request for a hearing.

## II. BACKGROUND

In 2007, Defendant/Judgment Debtor Joshua Turnipseed was convicted of trafficking in contraband cigarettes, in violation of 18 U.S.C. § 2342. Dkt. # 1-1 at 3.

ORDER – 1

The Court sentenced Mr. Turnipseed to two years of probation and ordered him to pay $587,812.50 in restitution. *Id.* at 4-8.

Two years ago, the Pierce County Assessor-Treasurer's Office ("Pierce County" or "Garnishee") sold a parcel of land belonging to Mr. Turnipseed. Dkt. # 9-2 at 2. The parcel was the subject of a tax foreclosure lawsuit. *Id.* Pierce County sold the land at an auction and received $50,600, of which $42,032 was surplus ("Surplus"). *Id.* at 1. Later, the county informed the United States of the foreclosure sale. *Id.*

In December 2020, Pierce County informed the United States that Mr. Turnipseed applied to receive the Surplus. Dkt. # 9 ¶ 5. On December 3, 2020, the United States applied for a writ of continuing garnishment with this Court, claiming an outstanding restitution balance of $568,735.34 and seeking to garnish the Surplus. Dkt. # 1. The Court granted the application and entered the writ. Dkt. ## 2, 3.

More than a month later, Mr. Turnipseed objected to the writ and requested a hearing. Dkt. # 6. The United States responded. Dkt. # 8. Mr. Turnipseed's objections are ripe and now pending before the Court.

### III.  DISCUSSION

The United States is authorized to enforce any restitution order imposed as part of a criminal sentence by using its powers under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq* ("FDCPA"). Under FDCPA, a judgment debtor may contest garnishment proceedings by filing a request for a hearing and/or an objection to the garnishment. 28 U.S.C. § 3202(d); 28 U.S.C. § 3205(c)(5). Where the underlying judgment was not by default, a judgment debtor can obtain relief from garnishment on only two grounds: (1) that the property the United States is taking is exempt from garnishment; or (2) that the United States has not complied with the statutory requirements for the garnishment process. 28 U.S.C § 3202(d)(1)-(2); *see also United States v. Webb*, No. CR-10-1071-PHX-JAT (LOA), 2014 WL 2153954, at *4 (D. Ariz. May 15, 2014). The judgment debtor has the burden of proving that a basis for relief

ORDER – 2

exists.  28 U.S.C. § 3205(c)(5).

Mr. Turnipseed objects to the writ of continuing garnishment for, apparently, three reasons: he has "personal and famil[y] needs for the[] surplus funds," a Washington statute (RCW 84.64.080) dictates that the surplus funds must be returned to him as the title holder of the sold property, and a "[f]ederal statute that governs IRS/DOJ liens" makes garnishment untimely.  Dkt. # 6.  The Court addresses each objection in turn.

### A. Financial Hardship

The United States construes Mr. Turnipseed's first objection as one for financial hardship, Dkt. # 8 at 7-9, and so does the Court.  Mr. Turnipseed's objection simply states that he has a "personal and famil[y] need for the[] surplus funds."  Dkt. # 6.  He does not provide further explanation or documentation.  *See id.*

The Court agrees with the United States that a claim of generalized financial hardship by a judgment debtor "is not a valid objection to garnishment" and should not be considered by the Court.  Dkt. # 8 at 7-9 (citing 28 U.S.C. § 3202(d)(1)-(2)).  The United States cites authority demonstrating that "numerous courts—including this one—have consistently refused to consider claims of financial hardship" made by judgment debtors.  *Id.* (citing *United States v. Lawrence*, 538 F. Supp. 2d 1188, 1194 (D.S.D. 2008) (limiting viable objections to garnishment to those listed in § 3202(d)) (collecting cases) and *United States v. Skeins*, No. C14-1457JLR, 2014 WL 5324880, at *3 (W.D. Wash. Oct. 17, 2014) (finding that generalized financial hardship is not a valid objection)).  Upon review of these authorities, the Court agrees that Mr. Turnipseed's asserted claim of financial hardship falls outside the scope of any property or right that is statutorily exempted from garnishment.  Mr. Turnipseed's objection to the garnishment on this basis is therefore denied.

### B. Preemption

"The Supremacy Clause of the Constitution provides that any state law conflicting with federal law is preempted by the federal law and is without effect."  *United States*

ORDER – 3

*Small Bus. Admin. v. Bensal*, 853 F.3d 992, 997 (9th Cir. 2017) (quoting *Nathan Kimmel, Inc. v. DowElanco*, 275 F.3d 1199, 1203 (9th Cir. 2002)).  The FDCPA expressly preempts state law to the "extent such law is inconsistent with a provision of [the statute]." *Id.* (quoting 28 U.S.C. § 3003); *see also United States v. Gianelli*, 543 F.3d 1178, 1183 (9th Cir. 2008).

Given the facts here, there are two laws in seeming disagreement: 28 U.S.C. § 3205 and RCW 84.64.080.  Under 28 U.S.C. § 3205, a court may issue may issue a writ of garnishment against a property "in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor."  Section 3205(c)(2)(F) further provides that the writ must state that "the garnishee shall withhold and retain" the property "pending further order of the court."  Given its authority under § 3205, this Court entered a writ of continuing garnishment to Pierce County.  Dkt. # 3.  The writ ordered the county to "immediately withhold and retain" the Surplus.  *Id.* ¶ 2.

RCW 84.64.080, on the other hand, suggests that the Surplus should go elsewhere.  The statute governs tax foreclosure proceedings in Washington, and it says that, upon a tax foreclosure sale, if the highest bid exceeds the delinquency, "the excess must be refunded . . . to the record owner of the property."  RCW 84.64.080.

Pierce County faces conflicting obligations under federal and state law.  On the one hand, it must comply with this Court's order, entered under 28 U.S.C. § 3205, to retain and hold the Surplus pursuant to the terms of the writ.  On the other, it must, under RCW 84.64.080, refund the Surplus to Mr. Turnipseed, the undisputed record owner of the property.  Pierce County cannot satisfy both obligations.

Yet the law is clear: under the Supremacy Clause, to the extent that RCW 84.64.080 conflicts with the writ, Dkt. # 3, it is preempted by the FDCPA.  *See, e.g.*, *Bensal*, 853 F.3d at 998 ("Under the FDCPA, [defendant]'s disclaimer is a transfer of property that can be voided, 28 U.S.C. § 3304(a), but under the California Probate

ORDER – 4

Code '[a] disclaimer is not a voidable transfer.' Cal. Prob. Code § 283. It seems quite clear that California law is inconsistent with the FDCPA and must give way to the federal statute in light of the express preemption clause."); *Gianelli*, 543 F.3d at 1183 (holding that a California law was preempted by the FDCPA because the California law precluded a writ of execution from being enforced after 10 years while the FDCPA had no time limit). Thus, Mr. Turnipseed's objection to the garnishment on this basis is also denied.

### C. Timeliness

Lastly, Mr. Turnipseed objects that, based on his "understanding," "the [f]ederal statute that governs IRS/DOJ liens allows the [f]ederal [g]overnment 120 days to claim surplus or unwind the sale." Dkt. # 6. He does not cite any authority for that proposition. The United States presumes that he is referring to "the 120-day time limit that applies to the Internal Revenue Service's right of redemption in certain circumstances," under 28 U.S.C. § 2410(c). Dkt. # 8 at 7.

The Court will not so speculate. Mr. Turnipseed bears the burden of proving his objections. 28 U.S.C. § 3205(c)(5). Objecting by merely alluding to a "federal statute" containing a time limit for garnishment does not meet that burden. Mr. Turnipseed's final objection is denied.

### D. Request for a Hearing

Mr. Turnipseed also requests a hearing on his objections. Dkt. # 6. Section 3202 provides that courts "shall" hold a hearing when a hearing request is timely made by the judgment debtor. 28 U.S.C. § 3202(d). However, § 3202(d) limits the scope of the hearing to the probable validity of the judgment debtor's claimed property exemptions and/or the United States' compliance with the procedural requirements of the garnishment. *Id.*; *see also United States v. Pugh*, 75 Fed. App'x 546, 547 (8th Cir. 2003) (limiting hearing concerning the enforcement of a judgment to circumstances where the debtor has claimed a probable validity of an exemption, challenged compliance with statutory requirements, or the judgment has been obtained by default).

ORDER – 5

Because Mr. Turnipseed's challenge to the garnishment based on financial hardship does not present a cognizable objection, and his challenges based on state and federal statutes fail, his objections are beyond the scope of a § 3202(d) hearing. The Court therefore declines to hold a hearing.

### IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant/Judgment Debtor's Objection and Request for Hearing to Contest a Writ of Continuing Garnishment. Dkt. # 6.

DATED this 17th day of August, 2021.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 6